IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02118-CMA-CBS

TAM HUYNH,
        Applicant,
v.

LOU ARCHULETA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
        Respondents.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        This civil action is before the court on Mr. Huynh's Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 ("Petition") (filed October 24, 2006) (doc. # 2).  Pursuant to the Order

of Reference dated November 3, 2006 (doc. # 5), this civil action was referred to the Magistrate

Judge to, *inter alia*, "submit proposed findings of fact and recommendations . . . ."  The court has

reviewed the Petition, Respondents' Answer (filed December 26, 2006) (doc. # 13), Mr. Huynh's

Traverse (filed January 29, 2007) (doc. # 17), the pertinent parts of the state court record, the entire

case file, and the applicable law, and is sufficiently advised in the premises.


I.      Statement of the Case

        Mr. Huynh is currently incarcerated at the Sterling Correctional Facility of the Colorado

Department of Corrections in Sterling, Colorado.  (*See* Notice of Change of Address (doc. # 18)).

On November 18, 1999, a grand jury indicted Mr. Huynh for first degree murder pursuant to Colo.

Rev. Stat. § 18-3-102(1)(b), robbery pursuant to Colo. Rev. Stat. § 18-4-301(1), second degree

kidnapping pursuant to Colo. Rev. Stat. § 18-3-302(1), unauthorized use of a financial transaction

1

device pursuant to Colo. Rev. Stat. § 18-5-702, and criminal possession of a financial transaction device pursuant to Colo. Rev. Stat. § 18-5-703 for the robbery, kidnapping and murder of Ming Shein Ko in Denver County, Colorado on or about September 3, 1999. (*See* State Court Record Vol. 1 (doc. # 24) at pp. 1-7).[1] The evidence at trial indicated that the victim was found bound and gagged in a duffel bag in his vehicle. The victim died of asphyxiation. Mr. Huynh and his co-defendants were found in possession of and had used the victim's credit cards at several stores, restaurants, and casinos. Mr. Huynh's own statements and the testimony of a co-defendant linked Mr. Huynh to a plan to rob and kidnap the victim. At trial, Mr. Huynh's defense was that he became involved in the plan only after others had robbed, kidnapped, and murdered the victim and only to the extent of using the victim's credit cards. A jury found Mr. Huynh guilty as charged on all counts. (*See* Vol. 1 at pp. 219-223). The trial court sentenced Mr. Huynh to life in prison and three concurrent sentences. (*See* Vol. 1 at p. 238).

On direct appeal from those convictions, Mr. Huynh argued that: (1) his convictions were obtained pursuant to an indictment which did not confer jurisdiction, . . . (3) the trial court erred by refusing to allow defense counsel to cross-examine prosecution witness Inez Perez in regard to her conviction and plea bargain; (4) the trial court erred in excluding evidence that a co-defendant was the subject of criminal charges in Arizona, (5) the trial court erred in failing to *sua sponte* instruct the jury regarding Mr. Huynh's unexplained possession of recently stolen property, (6) the trial court violated equal protection principles by applying Colorado's felony-credibility instruction to Mr. Huynh but not to prosecution witness Ms. Perez; and (7) the prosecution constructively amended the charges, . . . (*See* Respondents' Exhibit A (docs. # 13-2, # 13-3)).[2] On March 11, 2004, a division

---

[1]     The District Attorney subsequently dismissed Count Four, unauthorized use of a financial transaction device. (*See* State Court Record (doc. # 24) at pp. 189-191).

[2]     Two of the claims Mr. Huynh raised on direct appeal are not raised in this Petition.

of the Colorado Court of Appeals rejected all of Mr. Huynh's arguments except one and affirmed his conviction. (*See People v. Huynh*, 98 P.3d 907 (Colo. App. 2004) (Respondents' Exhibit D (doc. # 13-6))).[3]

On or about June 22, 2004, Mr. Huynh filed a petition for writ of certiorari with the Colorado Supreme Court, raising five claims: (1) his convictions were obtained pursuant to an indictment which did not confer jurisdiction, (2) the prosecution constructively amended the charges, (3) the trial court erred by refusing to allow defense counsel to cross-examine prosecution witness Ms. Perez about her conviction and plea bargain; and (4) the trial court erred in failing to *sua sponte* instruct the jury on the use of felony convictions to impeach credibility and evidence of unexplained possession of recently stolen property, . . . (*See* Respondents' Exhibit E (doc. # 13-7)).[4]  On October 4, 2004, the Colorado Supreme Court denied certiorari. (*See* Respondents' Exhibit F (doc. # 13-8) at p. 2 of 3).  The Colorado Court of Appeals issued its mandate on October 6, 2004. (*See* Respondents' Exhibit F (doc. # 13-8) at p. 3 of 3).

On or about December 16, 2004, Mr. Huynh filed a pro se motion for postconviction relief under Colo. Crim. P. 35(c).  (*See* Vol. 2 (doc. # 24) at pp. 349-56, 334-45, 329-33, 312-26).  Mr. Huynh argued that trial counsel rendered ineffective assistance by failing to: (1) investigate all potential, exculpatory witnesses, (2) conduct meaningful cross-examination, (3) independently test the evidence instead of relying on police reports, (4) discuss the case with him, (5) advance Mr.

---

[3]      The Colorado Court of Appeals agreed "with defendant that, under § 18-1-408(1), C.R.S. 2003, and *People v. Bartowsheski*, 661 P.2d 235, 245-46 (Colo. 1983), he may not be simultaneously convicted of felony murder *and* the felony upon which the felony murder conviction rests."  *People v. Huynh*, 98 P.3d 907, 914-15 (Colo. App. 2004).  However, the Court of Appeals rejected "his request that we remand the case with directions to strike either the felony murder conviction or both the robbery and kidnapping convictions on which it is supposedly predicated," vacating only the judgment of conviction for kidnapping and otherwise affirming the judgment. *People v. Huynh*, 98 P.3d at 915.

[4]      One of the claims Mr. Huynh raised in his petition for writ of certiorari is not raised in this Petition.

Huynh's theory of the case, and (6) raise impeachment evidence at trial. (*See id.*). Mr. Huynh further argued that the trial court erred when it failed to conduct an evidentiary inquiry into his ineffective assistance of counsel claims raised prior to trial, that trial counsel was operating under a conflict of interest, and that the felony murder statute was unconstitutional. (*See id.*). On May 31, 2005, the state trial court denied the motion. (*See* Vol. 2 (doc. # 24) at pp. 362-67; *see also* Respondents' Exhibit G (doc. # 13-9)).

On June 30, 2005, Mr. Huynh filed a Notice of Appeal of the denial of his motion for postconviction relief. (*See* Vol. 2 (doc. # 24) at p. 372; *see also* Respondents' Exhibit H (doc. # 13-10)). On February 8, 2006, the Colorado Court of Appeals issued an order directing that Mr. Huynh's appeal would be dismissed if his Opening Brief were not timely filed. (*See* Respondents' Exhibit I (doc. # 13-11)). On March 21, 2006, the Colorado Court of Appeals dismissed the appeal because "[t]he Court has not received any opening brief, but instead another motion for extension." (*See* Respondents' Exhibit J (doc. # 13-12)). On April 20, 2006, the Colorado Court of Appeals denied Mr. Huynh's petition for rehearing. (*See* Respondents' Exhibits K (doc. # 13-13), L (doc. # 13-14) at pp. 12-13 of 13).

On May 16, 2006, Mr. Huynh filed a petition for writ of certiorari with the Colorado Supreme Court, raising two issues: (1) whether "a pro-se prisoner litigant [is] entitled to liberal construction in pursuit of a postconviction application under Crim. P. Rule 35(c), especially where procedural difficulties are encountered;" and (2) "[d]id the Colorado Court of Appeals abuse its discretion in dismissal of Petitioner's appeal from the District Court of Denver County and in failing to grant Petitioner's motion for reconsideration of that Order of Judgment and Dismissal." (*See* Respondents' Exhibit L (doc. # 13-14) at pp. 2-11). On July 31, 2006, the Colorado Supreme Court denied certiorari. (*See* Respondents' Exhibit M (doc. # 13-15)). The Colorado Court of Appeals issued its mandate on August 4, 2006. (*See id.*).

Mr. Huynh filed this Petition in federal court on or about October 24, 2006, raising ten claims: (1) the trial court lacked jurisdiction to enter Mr. Huynh's convictions because it relied on a Colorado grand jury indictment in lieu of a preliminary hearing; (2) the trial court erred by refusing to allow defense counsel to cross-examine prosecution witness Ms. Perez about her conviction and plea bargain; (3) the trial court erred under the Colorado Rules of Evidence by refusing to admit *res gestae* evidence regarding co-defendant "Tito;" (4) the trial court erred by refusing to instruct the jury regarding Mr. Huynh's possession of the victim's stolen credit cards; (5) the trial court violated equal protection principles by applying Colorado's felony-credibility instruction to Mr. Huynh but not to prosecution witness Ms. Perez; (6) the prosecution constructively amended the charges; (7) trial counsel rendered ineffective assistance by failing to investigate witnesses and potential defenses, and by failing to impeach prosecution witness Ms. Perez; (8) appellate counsel rendered ineffective assistance by failing to present on direct appeal Mr. Huynh's 608(b) argument; (9) the trial court erred by failing to conduct an inquiry into Mr. Huynh's pre-trial claims of ineffective assistance of trial counsel; and (10) Colorado's felony murder statute, Colo. Rev. Stat. § 18-3-102, is unconstitutional. (*See* Petition (doc. # 2)).

II    One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

III.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding

pursuant to 28 U.S.C. § 2254, he or she must first have exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is satisfied when the state courts have had "one full opportunity" to pass upon and correct alleged constitutional violations. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. *O'Sullivan*, 526 U.S. at 845-47. It is not sufficient that the claim asserted in a federal habeas application is somewhat similar to one presented to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Exhaustion requires that a habeas corpus petitioner "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

Additionally, in order to meet the exhaustion requirements of § 2254(b)(1), the claim advanced pursuant to federal habeas must have been submitted to the state courts as one arising under the federal constitution. In order for a state prisoner to establish that he is entitled to federal relief, the decision of the last state court to which the petitioner presented his claims must fairly appear to rest on primarily issues of federal law or to be interwoven with federal law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). "[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). While a petitioner need not invoke "talismanic language," *Duncan v. Henry*, 513 U.S. 364, 366 (1995), or "cite book and verse on the federal constitution," *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotation marks omitted), the substance of a federal habeas corpus claim must first be presented to the state courts in a manner which alerts the state courts

to the fact that the defendant is raising federal constitutional issues and not simply issues of state law.  *See Duncan*, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A petitioner "may fairly apprise the state court of a federal constitutional claim by relying on federal and state cases that employ a constitutional analysis, asserting the claim in terms that call to mind a specific right protected by the Constitution, or alleging facts that fall well within the mainstream of constitutional litigation." *Velez v. People of the State of New York*, 941 F. Supp. 300, 309 (E.D.N.Y. 1996) (internal quotation marks and citation omitted).  *See also Laurore v. Spencer*, 267 F. Supp. 2d 131, 135 (D. Mass. 2003) (a court may be alerted to a federal constitutional claim by "trappings - specific constitutional language, constitutional citation, appropriate federal precedent, substantive constitutional analogy, . . . such as would in all likelihood alert a reasonable jurist to the existence of the federal question") (internal quotation marks and citation omitted); *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) ("The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined") (internal quotation marks and citation omitted). *Cf. Baker v. Horn*, 383 F. Supp. 2d 720, 749 ((E.D. Pa. 2005) (appellate brief that set forth factual basis of each claim, specifically identified federal constitutional provision or guarantee violated, or cited federal cases addressing alleged constitutional violation, "fairly presented" to the state courts each claim in the petition).

As a threshold matter, Respondents contend that Mr. Huynh has failed to exhaust his state court remedies as to Claims One, Three, Four, Six, Seven, Eight, Nine, and Ten.  Respondents argue that Mr. Huynh has not exhausted his state court remedies as to Claims Seven, Eight, Nine, and Ten because he did not raise those claims in the Colorado Court of Appeals or the Colorado Supreme Court.  (*See* Respondents' Answer (doc. # 13) at p. 11 of 22).  Respondents contend that

Mr. Huynh is now procedurally barred from bringing these claims and they must be dismissed with prejudice due to procedural default. (*See id.* at p. 12 of 22). Respondents argue that Mr. Huynh has not exhausted his state court remedies as to Claims One, Three, Four, and Six because he did not fairly present those claims to the state courts as issues of federal constitutional law. (*See* Respondents' Answer (doc. # 13) at pp. 14-16 of 22).

IV.     Standard of Review for Merits of Exhausted Claims

Mr. Huynh filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d) and (e), as amended by the AEDPA. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). *See also Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

. . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law" under § 2254(d)(1),

a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003), *rev'd and remanded on other grounds*, 545 U.S. 231 (2005). State court determinations of fact "shall be presumed to be correct" unless the presumption is rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). *See also Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (when applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Huynh] bears the burden of rebutting this presumption by clear and convincing evidence.") (citation omitted)); *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) ("To establish that habeas relief is warranted on the § 2254(d)(2) ground . . . a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct.") (citations omitted).


V.      Analysis

A.      Claim One

In Claim One, Mr. Huynh alleges that the trial court lacked jurisdiction to enter Mr. Huynh's convictions because it relied on a Colorado grand jury indictment in lieu of a preliminary hearing. (*See* Petition (doc. # 2); *see also* Respondents Exhibit A (doc. # 13-3) at pp. 19-28 of 28 (amended information dismissed in light of indictment)). In his state court briefs Mr. Huynh argues that his prosecution could only be initiated in accordance with Colorado procedural rules and statutes. (*See*

Respondents' Exhibit A (doc. # 13-2) at pp. 15-21 of 28). While Mr. Huynh generally cited the Sixth Amendment right to assistance of counsel, he did not cite federal or constitutional law or grounds as specific support for this claim. (*See id.*). The Appellee did not recognize or treat Mr. Huynh's claims as raising any federal constitutional issues. (*See* Respondents' Exhibit B (doc. # 13-4) at pp. 10-13 of 32). The Colorado Court of Appeals reviewed this claim as an issue of state law, not as a federal constitutional issue. *See People v. Huynh*, 98 P.3d at 910-11. The Colorado Court of Appeals' decision neither rested on any issues of federal law nor was interwoven with federal law. *See Coleman*, 501 U.S. at 735.

Further, this claim fails under federal law. Where a defendant is initially detained under an information, once a grand jury indictment is returned, there is no need for a preliminary hearing. *United States v. Aranda-Hernandez*, 95 F.3d 977, 979 (10th Cir. 1996). *See also Jaben v. United States*, 381 U.S. 214, 220 (1965) (Government must proceed through steps of the complaint procedure by affording the defendant a preliminary hearing, "unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment."). For failure to exhaust state remedies and failure to state a claim under § 2254(d), Mr. Huynh is not entitled to relief on this claim.


B.    Claim Two

In Claim Two, Mr. Huynh alleges that the trial court erred by refusing to allow defense counsel to cross-examine prosecution witness Ms. Perez regard a prior conviction and plea bargain. On direct examination at trial, Ms. Perez testified that she negotiated a plea bargain in exchange for testifying against Mr. Huynh. She also testified that she pled guilty to a charge of introducing contraband, marijuana, into a detention facility and received a concurrent sentence. (*See* Trial Transcript, Vol. 3 at p. 157). The trial court denied defense counsel's request to cross-

examine Ms. Perez about the underlying facts of the contraband case.  (*See* Trial Transcript, Vol. 3 at pp. 281-84).   Mr. Huynh argued on appeal that Ms. Perez' conduct and conviction was admissible "to impeach her character for truthfulness."  (*See* Respondents' Exhibit A (doc. # 13-3) at p. 4 of 28).   The Colorado Court of Appeals determined that "[t]he trial court had not abused its discretion in precluding this line of inquiry because this fact was immaterial to the witness's bias or motivation for testifying" and "decline[d] defendant's invitation to find reversible error under CRE 608(b) . . . [i]nasmuch as defendant did not raise this argument in the trial court . . . and plain error is not evident here."  *See People v. Huynh*, 98 P.3d at 913.

This claim does not demonstrate a violation of federal constitutional law.  As Mr. Huynh did not make this argument at trial, the federal court also reviews the trial court's ruling for plain error. *United States v. Smith*, 413 F.3d 1253, 1274 (10th Cir. 2005) (citation omitted), *cert. denied*, 546 U.S. 1120 (2006).  The trial court's ruling was not plain error.  *See United States v. Castro*, 89 F.3d 1443, 1457-58 (11th Cir. 1996) (trial court did not abuse its discretion in excluding testimony of alleged prior bad act of soliciting help to smuggle marijuana);  *United States v. Tillem*, 906 F.2d 814, 827 (2nd Cir. 1990) (trial court did not abuse its discretion in prohibiting evidence of prior bad acts that were analogous to smuggling, as they were not probative on the issue of witness' truthfulness).  "[R]estricting the cross-examination of a witness creates no abuse of discretion issue, provided the jury has access to other material that would allow it to form some opinion as to the witness' credibility."  *United States v. Nosov*, 221 F. Supp. 2d 445, 449 (S.D.N.Y. 2002).  Here, the jury had ample information to appraise Ms. Perez' possible motives for testifying against Mr. Huynh. Mr. Huynh is not entitled to relief on this claim.


C.    Claim Three

In Claim Three, Mr. Huynh alleges that the trial court erred under the Colorado Rules of

Evidence by refusing to admit *res gestae* evidence regarding co-defendant "Tito." (*See id.*). The trial court permitted defense counsel to question Ms. Perez *in camera* regarding any knowledge she had that co-defendant Tito was wanted in Arizona on charges of kidnapping, robbery, and murder. (*See* Trial Transcript, Vol. 3 at pp. 284-97; Vol. 4 at pp. 5-6). Ms. Perez testified that she had no knowledge of the charges against Tito during the relevant time period. (*See id.*). On appeal, Mr. Huynh "no longer argues that this line of inquiry was permissible to show the witness's state of mind. Instead, he argues, for the first time, that evidence that the accomplice was wanted elsewhere on similar charges was independently admissible as alternative suspect evidence under CRE 404(b)." *See People v. Huynh*, 98 P.3d at 914. The Colorado Court of Appeals determined that "because this argument is raised for the first time on appeal, reversal is not warranted in the absence of plain error." *See People v. Huynh*, 98 P.3d at 914. The Colorado Court of Appeals found no plain error "inasmuch as the record contains no facts demonstrating similarities between the alleged out-of-state crimes and the crimes here." *See id.*

The record before the court indicates that Mr. Huynh did not present this claim to the Colorado Supreme Court. (*See* Respondents' Exhibit E (doc. # 13-7)).[5] Further, this claim was presented in the state courts as an evidentiary issue under the Colorado Rules of Evidence, not as a constitutional claim. (*See* Respondents' Exhibit A (doc. # 13-3) at pp. 5-8 of 28). In addition, Mr.

---

[5]     Mr. Huynh has not raised Colorado Appellate Rule 51.1 as an argument against requiring exhaustion in the state supreme court. *See* C.A.R. 51.1(a) ("In all appeals from criminal convictions or post-conviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). Even if he had, the argument would fail because Rule 51.1 was added and effective on May 18, 2006, and thus not in effect at the time Mr. Huynh's claims were pending in the state courts. Therefore, exhaustion at the state supreme court level was a remedy "available" to the petitioner for purposes of 28 U.S.C. § 2254(b)(1). *See Wenger v. Frank*, 266 F.3d 218, 224-26 (3d Cir. 2001) (holding that similar rule issued by Pennsylvania Supreme Court did "not apply in cases in which the time to petition for review by the state supreme court expired prior to the date of the" rule).

Huynh raised this claim in the state courts under Colorado Rule of Evidence 404(b) only, and not as *res gestae*. As Mr. Huynh did not present to the Colorado Court of Appeals the claim he alleges here, his claim is not exhausted.

This claim also fails on the merits. Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). *See also Thornburg v. Mullin*, 422 F.3d 1113, 1128-29 (10th Cir. 2005) ("Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights.") (internal quotation marks and citation omitted); *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir.1994) (citations omitted) ("We will not second guess a state court's application or interpretation of state law on a petition for habeas unless such application or interpretation violates federal law."). Further, under the identical Fed. R. Civ. P. 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith, but may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Because the record contained no facts demonstrating similarities between the crimes for which Tito was charged in Arizona and the crimes in this case, the evidence was inadmissible. Mr. Huynh is not entitled to habeas relief on Claim Three.

D.    Claim Four

In Claim Four, Mr. Huynh alleges that the trial court erred by refusing to *sua sponte* instruct the jury pursuant to *Wells v. People*, 197 Colo. 350 (1979), regarding the weight to be given his unexplained possession of the victim's recently stolen credit cards. (*See* Respondents' Exhibit A

(doc. # 13-3) at p. 9 of 28). Because Mr. Huynh had not requested such an instruction at trial, the Colorado Court of Appeals reviewed the failure to give the instruction for plain error and found none because "the jury was adequately informed" through the court's other instructions. *See People v. Huynh*, 98 P.3d at 914.

First, Mr. Huynh did not exhaust this claim in the state courts. Other than a general reference to his right to due process and a fair trial, Mr. Huynh presented this claim to the state courts as a violation of state law and not as a federal constitutional claim. (*See* Respondents' Exhibit A (doc. # 13-3) at pp. 8-10 of 28). The Appellee did not address this claim as a federal constitutional issue. (*See* Respondents' Exhibit B (doc. # 13-4) at pp. 23-25 of 32). The Colorado Court of Appeals reviewed this claim as an issue of state law, not as a federal constitutional issue. *See People v. Huynh*, 98 P.3d at 914. The Colorado Court of Appeals' decision did not rest on federal law constitutional law.

Second, this claim does not demonstrate a violation of federal law. *See, e.g., United States v. Gwathney*, 465 F.3d 1133, 1142 (10th Cir. 2006) ("We review a district court's decision to give a particular jury instruction for an abuse of discretion and consider the instructions as a whole de novo to determine whether they accurately informed the jury of the governing law.") (citation omitted), *cert. denied*, 127 S.Ct. 2151 (2007); *United States v. Fredette*, 315 F.3d 1235, 1240-41 (10th Cir. 2003) ("We review the jury instructions de novo to determine whether, as a whole, the instructions correctly state the governing law and provide the jury with an ample understanding of the issues and applicable standards. The instructions as a whole need not be flawless, but we must be satisfied that, upon hearing the instructions, the jury understood the issues to be resolved and its duty to resolve them.") (citations omitted). The jury instructions correctly stated the law and provided the jury with an ample understanding of the issues and applicable standards. Mr. Huynh is not entitled to relief on Claim Four.

E.      Claim Five

In Claim Five, Mr. Huynh alleges that the trial court violated equal protection principles by failing to sua sponte instruct the jury that Ms. Perez' felony convictions could be used only to impeach her credibility and advising Mr. Huynh that if he testified, his felony convictions could be used to impeach his credibility. (Petition (doc. # 2) at p. 7 of 36; Respondents' Exhibit A (doc. # 13-3) at pp. 10-11 of 28). Because Mr. Huynh did not request such an instruction at trial, the Colorado Court of Appeals reviewed only for plain error and found none under Colorado law. *See People v. Huynh*, 98 P.3d at 914.

Nor was the trial court's failure to sua sponte give a limiting instruction regarding Ms. Perez' felony convictions plain error under federal law. *See United States v. De La Cruz*, 902 F.2d 121, 124 (1st Cir. 1990) (failure to give sua sponte limiting instruction regarding prior conviction not reversible error); *United States v. Lewis*, 693 F.2d 189, 197 (C.A.D.C. 1982) ("[r]eversible error occurs only when evidence that substantially prejudices Defendant is admitted without an immediate cautioning instruction as to its permissible uses. But when evidence is admitted that does not result in substantial prejudice, the failure to give an immediate cautionary instruction does not constitute reversible error.") (citation omitted); *Nutt v. United States*, 335 F.2d 817, 819 (10th Cir. 1964) (reversible error did not result from court's failure to instruct that testimony concerning defendant's prior criminal convictions could be considered only as affecting his credibility where his retained attorney did not request such and made no objections or requests for instructions). As Mr. Huynh did not testify, his criminal convictions were not introduced. Mr. Huynh is not entitled to relief on Claim Five.


F.      Claim Six

In Claim Six, Mr. Huynh alleges that the prosecution's rebuttal closing argument that he was

a complicitor constructively amended the charges in the case. (Petition (doc. # 2) at p. 7 of 36). The prosecution argued in the rebuttal closing argument that Mr. Huynh was guilty of felony murder because he admitted suggesting a robbery of the victim's business two weeks before the crimes. (*See* Trial Transcript Vol. 5 at pp. 172-73). The Colorado Court of Appeals found that the prosecutor's argument related "only to the possible date or dates of defendant's participation in the crimes" and did "not warrant reversal as a constructive amendment to the charges" or as a simple variance. *See People v. Huynh*, 98 P.3d 907, 911-12. "The evidence upon which the prosecution based its remark was known to defendant well in advance of trial. Indeed, the evidence was a portion of a statement defendant had given police. . . ." *People v. Huynh*, 98 P.3d at 912. "Inasmuch as defendant has made no showing that the variance here impaired his ability to defend against the charge or to plead the judgment as a bar to a subsequent proceeding, he is not entitled to reversal." *People v. Huynh*, 98 P.3d at 912.

This claim likewise fails under federal law. A "constructive amendment" of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies the charges returned by the grand jury. *Stirone v. United States*, 361 U.S. 212, 215-19 (1960). *See also Hunter v. New Mexico*, 916 F.2d 595, 598 (10th Cir. 1990) (constructive amendment "must effectively alter the substance of the indictment"). "An indictment is constructively amended if the evidence presented at trial, together with the jury instructions, raises the possibility that the defendant was convicted of an offense other than that charged in the indictment." *Hunter*, 916 F.2d at 598 (internal quotation marks and citation omitted). "The specific inquiry is whether the jury was permitted to convict the defendant upon a set of facts distinctly different from that set forth in the indictment." *Hunter*, 916 F.2d at 598 (internal quotation marks and citations omitted).

"A simple variance occurs when the charging terms [of the indictment] reflect the charges

in the indictment, but the evidence at trial proves materially different facts from those alleged in the indictment." *United States v. Smith*, 413 F.3d 1253 (10th Cir. 2005) (internal quotation marks and citation omitted). Simple variances do not require reversal "as long as the proof upon which they are based corresponds to an offense that was clearly set out in the indictment." *United States v. Hudson*, 813 F. Supp. 1482, 1486 (D. Kan. 1993) (internal quotation marks and citation omitted).

The alleged amendment or variance related to the dates of Mr. Huynh's participation in the crimes. Mr. Huynh was aware of this evidence in advance of trial. The prosecutor's reference in her rebuttal closing argument to Mr. Huynh's own statement that he had suggested robbing the victim's business prior to the crimes did not introduce different facts from those alleged in the indictment or permit the jury to convict Mr. Huynh upon facts or charges not set forth in the indictment. "The presentation of additional evidence to substantiate charged offenses, however, does not constitute facts materially different from those charged in the indictment." *United States v. Kuehne*, 547 F.3d 667, 683 (6th Cir. 2008). As there was no constructive amendment or simple variance under federal law, Mr. Huynh is not entitled to habeas relief on this claim.

G. Claims Seven, Eight, Nine, and Ten

In Claims Seven, Eight, Nine, and Ten, Mr. Huynh alleges that trial counsel rendered ineffective assistance by failing to investigate witnesses and potential defenses and by failing to impeach prosecution witness Ms. Perez, that appellate counsel rendered ineffective assistance by failing to present on direct appeal Mr. Huynh's 608(b) argument, that the trial court erred by failing to inquire into Mr. Huynh's pre-trial claims of ineffective assistance of trial counsel, and that Colorado's felony murder statute, Colo. Rev. Stat. § 18-3-102, is unconstitutional. (*See* Petition (doc. # 2)). Mr. Huynh had raised these claims in the state trial court in a motion for postconviction relief under Colo. Crim. P. 35(c) that was denied. (*See* Vol. 2 (doc. # 24) at pp. pp. 362-67, 349-56,

334-45, 329-33, 312-26); *see also* Respondents' Exhibit G (doc. # 13-9)). The Colorado Court of Appeals dismissed Mr. Huynh's appeal of the denial of his motion for postconviction relief on March 21, 2006 for failure to file an opening brief and denied Mr. Huynh's petition for rehearing on April 20, 2006. (*See* Vol. 2 (doc. # 24) at p. 372; *see also* Respondents' Exhibits H (doc. # 13-10), I (doc. # 13-11), J (doc. # 13-12), K (doc. # 13-13), and L (doc. # 13-14 at pp. 12-13 of 13)). Mr. Huynh sought review in the Colorado Supreme Court of the dismissal of his appeal on procedural grounds. (*See* Respondents' Exhibit L (doc. # 13-14) at pp. 2-11).

Mr. Huynh failed to present these claims to the Colorado Court of Appeals because he failed to file his opening brief within the required time period. The Colorado Court of Appeals relied on its procedural rules in dismissing Mr. Huynh's appeal. *See e.g.*, C.A.R. 31(a) (time for filing opening brief) ; C.A.R. 38(b) (consequence of failure to file brief). Thus, these claims are unexhausted. Mr. Huynh has further failed to exhaust Claims Seven, Eight, Nine, and Ten by failing to present them to the Colorado Supreme Court. *See O'Sullivan v. Boerkel*, 526 U.S. at 845-47.


H.    Procedural Default

"Generally, when a habeas petitioner has failed to exhaust state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, "if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). *See also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims may be barred). Procedural default is a matter of state law.

A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998). To be adequate, "a state's procedural rule used to bar consideration of a claim must have been firmly established and regularly followed by the time as of which it is to be applied." *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1344 (10th Cir. 1999) (citations and internal quotation marks omitted). *See also Hickman v. Spears*, 160 F.3d 1269, 1270 (10th Cir. 1998) (state procedural rule is adequate if the state strictly or regularly follows it and applies the rule evenhandedly to all similar claims). Application by the Colorado Court of Appeals of the time bar established by C.A.R. 31(a) is an adequate and independent state procedural bar to federal habeas review. *See, e.g.,* C.A.R. 38(b); *Cordova v. Industrial Claim Appeals Office of the State of Colorado*, 55 P.3d 186, 189 (Colo. App. 2002) (dismissal of an appeal for failure to comply with statutory time limitations for filing briefs is discretionary); *State for Use of Dept. of Corrections v. Pena*, 788 P.2d 143, 147 (Colo. 1990) ("The Colorado Appellate Rules leave no doubt that dismissal of an appeal may be an appropriate sanction for failure to adhere to the appellate rules or the orders of the appellate court."); *People v. Loya*, 518 P.2d 306, 307 (Colo. App. 1974) (appeal was required to be dismissed for failure to timely file an opening brief and failure to prosecute, where notice of appeal was filed on September 7, record was filed on October 10, and, on November 21, court granted motion of plaintiff-appellant for extension of time to file an opening brief until December 21, and ruled contemporaneously that no further extensions would be granted and it was not until December 28 that plaintiff-appellant again moved for extension of time to file opening brief).

Mr. Huynh can no longer raise his unexhausted Claims One, Three, Four, Seven, Eight, Nine, and Ten in the state courts on direct appeal. *See* C.A.R. 4(b) ("in a criminal case the notice of appeal by a Defendant shall be filed in the appellate court . . . within forty-five days after the entry of the judgment or order appealed from"); *People v. Ovalle*, 51 P.3d 1073, 1074-75 (Colo. App.

2002) (once limitation period for appealing order granting post-conviction relief expired, order became final and Court of Appeals lacked jurisdiction to review order or contentions based upon order). These claims cannot be presented to the Colorado Supreme Court because Mr. Huynh is now barred by the statute of limitations for filing a petition for writ of certiorari. *See* C.A.R. 52(b) ("any petition for writ of certiorari to review a judgment of the Court of Appeals shall be filed in the Supreme Court within thirty days . . ."). These limitations on raising claims on direct appeal are adequate and independent state procedural bars to federal habeas review.

Once the time for direct appeal has expired, the appropriate method of attacking a criminal conviction is through a motion pursuant to Crim. P. 35(c). A post-conviction proceeding is "supplementary to the direct appeal." *People v. Valdez*, 911 P.2d 703, 704 ((Colo. App. 1996). The remedy provided by Rule 35 is not a substitute for direct appeal. *People v. Shearer*, 508 P.2d 1249, 1253 (Colo. 1973). Mr. Huynh "is prohibited from using a proceeding under Crim. P. 35 to relitigate issues fully and finally resolved in an earlier appeal." *DePineda v. Price*, 915 P.2d 1278, 1281 (Colo. 1996). *See also People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (Post-conviction review of unexhausted claims would be "nothing more than a second appeal addressing the same issues on some recently contrived constitutional theory.") (quoting *People v. Bastardo*, 646 P.2d 382, 383 (1982) ("post-conviction relief was not warranted because the issues raised were available for review when the case was reviewed on appeal.")). Further, Crim. P. 35(c)(3)(VI) expressly bars relief on claims that were "raised and resolved in a prior . . . postconviction proceeding on behalf of the same defendant." "Subject to enumerated exceptions, claims that could have previously been brought on direct appeal or in postconviction proceedings must be denied." *People v. Valdez*, 178 P.3d 1269, 1275 (Colo. App. 2007) (citing Crim. P. 35(c)(3)(VII)). The unexhausted claims alleged in the Petition concern facts that had taken place or were within Mr. Huynh's knowledge prior to his appeal of the trial court's denial of his Crim. P. 35(c) motion and cannot now be brought

pursuant to Crim. P. 35(c). The prohibitions on raising claims in a post-conviction petition that could have been brought on direct appeal or are based on upon the same or similar allegations in a previous post-conviction petition are adequate and independent state procedural bars to federal habeas review.

Federal habeas review of Mr. Huynh's unexhausted Claims One, Three, Four, Seven, Eight, Nine, and Ten is barred by procedural default.


I.       Exceptions to Procedural Default

The court must next determine whether an exception applies which would overcome the procedural default and allow Mr. Huynh's defaulted claims to be heard here. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or alternatively, that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50.

The determination of cause and prejudice and of a fundamental miscarriage of justice are both matters of federal law. *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S. Ct. 2639 (1986). In order to meet the "cause" element of the cause and prejudice standard, a petitioner must demonstrate that his failure to properly raise his federal constitutional claims in state court was the result of some objective factor external to the defense. *Murray*, 477 U.S. at 488; *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995). Mr. Huynh does not claim and the record here fails to suggest the presence of any such factor for Mr. Huynh's failure to raise his claims in the Colorado Court of Appeals or the Colorado Supreme Court. Mr. Huynh has not demonstrated cause for the procedural default of his claims or prejudice as a result therefrom.

"As an alternative to showing cause and prejudice, a procedurally defaulted petitioner can

obtain federal review of his claims if he or she can demonstrate that failure to consider them will result in a fundamental miscarriage of justice." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1372 (10th Cir. 1997) (citation omitted). The fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993) (quoting *Murray*, 477 U.S. at 496)). Mr. Huynh has not claimed or demonstrated that the application of a procedural bar against his claims will result in a fundamental miscarriage of justice. He has not specifically asserted that he was actually innocent of the crime or presented evidence sufficient to undermine the court's confidence in the outcome of his trial. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995). Mr. Huynh's unexhausted Claims One, Three, Four, Seven, Eight, Nine, and Ten are properly dismissed with prejudice due to procedural default.

VI.    Conclusion

In sum, Claims One, Three, and Four are properly dismissed for failure to exhaust state court remedies because Mr. Huynh failed to present the substance of his claims to the state courts in a manner sufficient to put the state courts on notice that he was "complaining about a violation of *federal* law." *Baldwin v. Reese*, 541 U.S. 27, 30 (2004) (emphasis in original). Claim Three is also properly dismissed for failure to exhaust state court remedies because Mr. Huynh did not raise this claim in the Colorado Supreme Court. Claims Seven, Eight, Nine, and Ten are properly dismissed for failure to exhaust state court remedies because Mr. Huynh did not raise these claims in the Colorado Court of Appeals or the Colorado Supreme Court. Claims One, Three, Four,  Seven, Eight, Nine, and Ten are barred from habeas review as procedurally defaulted. Further, the court has determined that as to Claims One, Two, Three, Four, Five, and Six, the Colorado courts' action

was not contrary to or an unreasonable application of established law, or based on an unreasonable determination of the facts in light of the evidence. As Mr. Huynh has not stated any claim upon which federal habeas relief may be granted,

IT IS RECOMMENDED that Mr. Huynh's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" (filed October 24, 2006) (doc. # 2) be DENIED and this civil action be DISMISSED with prejudice.


**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an

issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 12th day of January, 2009.

BY THE COURT:


      s/Craig B. Shaffer
United States Magistrate Judge